UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,
        Plaintiff

v.

SIMON PROPERTY GROUP, INC.,
        Defendant

Civil Action No. 04-CV- 04 12422 RCL

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to the provisions of 28 U.S.C. §1441(b), the Defendant, Simon Property Group, Inc., ("Simon"), hereby provides notice of removal of this action from the Massachusetts Trial Court, Superior Court Department, Suffolk County, to the United States District Court for the District of Massachusetts. Removal is proper for the following reasons:

1. This civil action was commenced by Thomas F. Reilly, Attorney General of Massachusetts on behalf of the Commonwealth of Massachusetts in the Suffolk Superior Court on or about November 15, 2004. The case was docketed as Civil Action No. 04-4993

2. Counsel for Simon agreed to accept service of process of the Complaint on behalf of Simon on November 15, 2004.

3. In accordance with the requirements of 28 U.S.C. §1446, this Notice of Removal is timely filed within thirty (30) days after Defendants were served with notice of this action.

4. This Court is within the judicial district that embraces the county of the Superior Court where this action is currently pending.

5. This case is removable from state court to federal court on the basis of federal question jurisdiction under 28 U.S.C. §1331. An action filed in state court that presents a

1

question arising under federal law may be removed to federal district court regardless of the citizenship or residence of the parties. 28 U.S.C. §1441(b).

6. Removal here is appropriate because the Attorney General's claims against Simon are based on conduct which is wholly governed by the National Banking Act, 12 U.S.C. § 21 *et seq.* and regulations of the Office of the Comptroller of the Currency. As a result, these claims fall within the so-called "complete preemption" doctrine.

7. "Complete preemption" is an exception to the well-pleaded complaint rule, which is the test courts use to determine whether federal question jurisdiction exists for the purposes of removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 392-393 (1987); Brawn v. Coleman, 167 F. Supp. 2d 145, 149 (D. Mass. 2001). A plaintiff possessing both state and federal claims arising out of the same core facts, who pleads only the state claims, will not be subject to removal unless the federal claims completely preempt the state law claims. E.g., Beneficial National Bank v. Anderson, 539 U.S. 1, 9-10 (2003) (removal based upon complete preemption doctrine proper because National Banking Act provided the exclusive cause of action for usury claims against national banks); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987) (claims for benefits or enforcement of rights under ERISA completely preempted); Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists, 390 U.S. 557, 560 (1968) (holding that Labor Management Relations Act completely preempts state law claims); Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666-667 (1974) (claims regarding Indian land rights are preempted and therefore removable to federal court).

8. The National Banking Act completely preempts all state law causes of action that seek essentially to limit the rights granted under the Act. As a result, a complaint that does not plead any federal claims but nonetheless pleads state law claims implicating the National

Banking Act, is subject to removal. See <u>Beneficial National Bank v. Anderson</u>, 539 U.S. 1, 9-10 (2003) (removal based upon complete preemption doctrine proper because National Banking Act provided the exclusive cause of action for usury claims against national banks); <u>Krispin v. May Department Stores Co.</u>, 218 F.3d 919, 924 (8th Cir. 2000) (removal proper where National Banking Act completely preempted credit customers' state law usury claims against department store); <u>M. Nahas & Co., Inc. v. First Nat'l. Bank of Hot Springs</u>, 930 F.2d 608, 612 (8th Cir. 1991) (removal proper where National Banking Act completely preempted state law usury penalties on which claim was based).

9.   Here, the Attorney General's claims against Simon for violations of the Massachusetts gift certificate law, Mass. G.L. c. 200A, §5D and Mass. G.L. c. 255D, §1, and the Massachusetts Consumer Protection Act, Mass. G.L. c. 93A, §2(a), can only be remedied in Federal court under the National Banking Act because these claims involve only the following conduct, all of which is governed by federal regulations: (1) imposing an expiration date in compliance with VISA U.S.A., Inc., regulations; (2) determining the amount of and charging fees on a national bank product; and (3) providing disclosures of the terms and conditions of a national bank product. Compl. ¶¶ 16, 34 (alleging that the Simon Giftcard's one year expiration date violates G.L. c. 200, § 5D); Compl. ¶¶ 17, 18, 35, 39 (alleging that the various administrative fees and dormancy fees associated with the Simon Giftcard violate G.L. c. 255D, §1 and G.L. c. 93A, §2(a)); Compl. ¶¶ 19-28, 41 (alleging inadequate fee disclosures associated with the Simon Giftcard in violation of G.L. c. 93A, §2(a)).

10.  Removal of all claims asserted in this action is appropriate under 28 U.S.C. §1441(c).

11. By filing this Notice of Removal, Simon does not waive any defenses or rights that may be available to it.

12. Pursuant to 28 U.S.C. §1446(a), attached to this Notice of Removal as <u>Exhibit 1</u>, are copies of all "process, pleadings, and orders" served upon Simon to date.

13. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be promptly sent to all counsel of record, and a copy of this Notice of Removal will be filed with the Clerk of the Suffolk Superior Court.

Respectfully submitted,
SPGGC, INC.,

_____
Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone: 617-856-8200
Facsimile: 617-856-8201

Dated: November 16, 2004

## CERTIFICATE OF SERVICE

I hereby, certify that I have served a copy of this Notice of Removal in hand on November 16, 2004 on the offices of the following:

Pamela S. Kogut, Esq.
Diane Lawton, Esq.
Judith Whiting, Esq.
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA  02018

_____
Paul W. Shaw

#1312529 v\1 - 20345/24

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

**04-4993**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SIMON PROPERTY GROUP, INC., ) <br> ) <br> Defendants. ) | COMPLAINT |

## I. INTRODUCTION

1. This is a civil action brought in the public interest by the Attorney General on behalf of the Commonwealth of Massachusetts, pursuant to G.L. c. 93A §4. By this action, the Attorney General seeks to enjoin the defendant, Simon Property Group, Inc., from selling and issuing gift cards that: (a) contain a one-year expiration date in violation of G.L. c. 200A, §5D, the Massachusetts gift certificate law which provides that gift cards may not expire before the passage of seven (7) years; (b) impose a variety of fees on gift card recipients, in violation of G.L. c. 255D, § 1, which contemplates that fees may not be charged at all to gift card holders; and (c) in these and other ways contain terms which are unfair and deceptive in violation of G.L. c. 93A, § 2(a).

2. In addition to injunctive relief, the Attorney General also seeks remedies for

consumers, civil penalties, and the costs of investigating and prosecuting this action, including attorneys' fees.

## II. JURISDICTION AND VENUE

3. The Attorney General is authorized to bring this action pursuant to G.L. c. 93A, §4, and G.L. c. 12, §10.

4. This Court has jurisdiction over this matter pursuant to G.L. c. 214, §1, and G.L. c. 93A, §4.

5. Venue is proper with this Court pursuant to G.L. c. 223, §5, and G.L. c. 93A, § 4.

## III. THE PARTIES

6. The plaintiff is the Commonwealth of Massachusetts (the "Commonwealth"), represented by the Attorney General who brings this action in the public interest.

7. The defendant Simon Property Group, Inc. is a Delaware corporation with a principal place of business at its corporate headquarters at 115 West Washington Street, Indianapolis, Indiana 46204. Simon Property Group, Inc., together with its affiliate SPGGC, Inc., promotes and offers for sale the Simon Gift Cards which are the subject of this lawsuit. Together, Simon Property Group, Inc. and SPGGC, Inc., are referred to as "Simon."

## IV. FACTS

### Simon Gift Cards – General Background

8. Simon Property Group, Inc. ("Simon") owns and operates malls and community shopping centers in 36 states around the country, including 14 malls in the Commonwealth: (a) Arsenal Mall, Watertown; (b) Atrium Mall, Newton; (c) Auburn Mall, Auburn; (d) Burlington Mall, Burlington; (e) Cape Cod Mall, Hyannis; (f) Copley Place, Boston; (g) Emerald Square,

-2-

North Attleboro; (h) Greendale Mall, Worcester; (i) Liberty Tree Mall, Danvers; (j) Northshore Mall, Peabody; (k) Solomon Pond Mall, Marlborough; (l) South Shore Plaza, Braintree; (m) Square One Mall, Saugus; and (n) The Mall at Chestnut Hill, Newton.

9. On information and belief, at locations in each of its 14 Massachusetts malls, Simon offers "Gift Cards" for sale. These Gift Cards resemble a credit card in appearance, and contain a "Visa" logo. While Simon may promote them for use at retail stores within Simon malls, in fact, the cards may be used outside the malls at any other retail or business establishment which accepts Visa cards for payment.

10. These Gift Cards constitute "gift certificates" in Massachusetts according to G.L. c. 255D, § 1 which provides that a gift certificate "shall include an electronic card with a banked dollar value."

11. Simon also operates a web site (www.simon.com), and it promotes its Gift Cards for sale on its site.

12. According to the Simon Gift Card brochure which is further described in paragraph 22(a), below, "The Gift Card is neither a credit card nor an FDIC-insured deposit account. This Gift Card is issued by Bank of America, N.A., pursuant to a license from Visa U.S.A. Inc."

13. While Simon and Bank of America, N.A. may have an agreement concerning the issuance of Simon's Gift Cards, the cards are provided and administered by WildCard Systems, Inc., a company which is in the business of providing and administering "stored value cards" including the Simon Gift Cards. According to WildCard Systems, Inc.'s web site, WildCard Systems, Inc. "is the global solutions leader in turnkey host based prepaid cards and custom stored-value products." Simon Malls is identified on WildCard Systems, Inc.'s website as one of

its "partners."

14. On information and belief, WildCard Systems, Inc. provides the actual Gift Cards to Simon, provides the accounting services related to each card for Simon, and provides the consumer support services related to the cards for Simon, among other such services.

<u>Simon Gift Cards -- Fees and Expiration Date</u>

15. Simon's Gift Cards may be purchased in whole dollar amounts ranging from $25 to $500. In general, Gift Card holders may use the card when they make a purchase, and the value remaining on the card is tracked.

16. According to Simon, Gift Card holders can continue to use the card until either the card expires or the value of the card is exhausted, whichever occurs first. The Simon Gift Card expires after one year, and the card contains an expiration date to such effect on its face. This feature violates G.L. c. 200, § 5D, which requires that gift cards not expire prior to seven (7) years from the date they are issued.

17. Simon charges the Gift Card purchaser an initial, one-time fee for the Gift Card:

(a) if the card is purchased online, a shipping and "handling" fee of $5.95 (or $17.95 if the consumer selects either 2-day or next day delivery); or

(b) if the card is purchased at a mall, an up-front "handling" fee of $1.50.

18. Simon imposes the following four fees on Gift Card holders in connection with their use of Simon Gift Cards:

(a) if the cash value of the card is not used within six (6) months, a $2.50 dormancy fee is deducted from the remaining balance on the card each month thereafter.

(b) if the consumer calls a toll free number to learn the remaining value of the Gift Card,

-4-

$.50 is deducted from the value of the card for each call after the first such call.

(c) if the card is lost or stolen and the consumer seeks to have the card reissued (assuming that the consumer has recorded and saved the Gift Card's number, and is therefore able to request that the card be reissued), there is a $5.00 "reissue" fee deducted from the value of the card.

(d) if the consumer does not use the balance on the card before it expires and seeks to have a card reissued, the consumer will be charged a $7.50 "reissue" fee against the value remaining on the card.

Each of these fees violates G.L. c. 255D, §1, which contemplates that no fees may be charged to a gift card holder.

## Disclosure of Fees

19. The fees described above are disclosed to consumers in different ways depending on whether the purchase is made at a Simon Mall or online. In either scenario, the disclosures are inadequate.

### Mall Purchase

20. On information and belief, when Simon first began selling Gift Cards to Massachusetts consumers in early 2003, it made only one written disclosure about the fees associated with the Gift Cards on a "counter card" display to Gift Card purchasers: that one disclosure concerned the one-time $1.50 fee charged to Gift Card purchasers. Other than this single disclosure, Simon did not provide any information to Gift Card purchasers about the fees which would be deducted from the Gift Card balances. At that time (in early 2003), Simon provided "card carrier" envelopes with the Gift Cards which were intended for the Gift Card

recipients. These card carriers provided disclosures to consumers about only two of the four fees which could be charged against the balance on the Gift Card: (a) the $2.50 dormancy fees which were charged after the sixth month, and (b) the $5.00 reissue fees which were charged to the consumer if the Gift Card were lost or stolen.

21. In or about April, 2003, Simon changed its practices, and began making fuller disclosures both to the Gift Card purchasers and to Gift Card recipients. The disclosures now made, however, are still inadequate.

22. Currently, a consumer who purchases a Gift Card at a Simon Mall is provided two forms of written disclosures: (a) a brochure, and (b) a jacket enclosure for the Gift Card, which includes a booklet which folds, fan-style, to the size of the Gift Card. Neither the brochure nor the jacket enclosure provides information to the purchaser about the one-time purchase fee.

> (a) <u>brochure:</u>  The brochure provides information about each of the four fees noted above at paragraph 18, but these four fees are not disclosed in one place, are difficult to find within the brochure, and are not calculated to provide actual notice to the cardholder. For instance, three of the four fees are disclosed in very small (i.e., seven-point) type in an interior section of the brochure entitled "Service Charges" (the charge assessed to card holders who call Simon to check account balances is not disclosed in this section). In larger (nine-point) type, and in a more prominent location within the brochure, the dormancy fees and the $7.50 card reissue fees are disclosed, but within a section called "Do I ever expire?" instead of within a section with a title concerning the card's fees.
>
> b. <u>booklet:</u>    The booklet's description of the fees assessed to the card holder is

similar to that in the brochure, except that all of the print is smaller. In a section entitled "Do I ever expire?", the dormancy fees and $7.50 reissue fees are disclosed in larger type (in the booklet, the largest print is seven-point type). Remaining fees are disclosed in less prominent locations and in smaller type (the smallest print is six-point type). Again, in a section entitled "Service Charges," three of the four fees assessed to the card holder are disclosed in the smallest print (six-point type).

*Online Purchase*

23. Consumers may also purchase Simon Gift Cards online through Simon's website, www.simon.com.

24. A consumer can purchase a Gift Card from Simon's web site without learning about any of the fees Simon charges to the Gift Card holder, because there are no fee disclosures on the home page or on any of the interactive pages on which a consumer inputs purchase, delivery, and billing information. Only the shipping and handling charges will be made known to the consumer who does not affirmatively seek out information concerning the fees associated with the Gift Card.

25. Only those consumers who seek out information about fees associated with the Gift Card will learn about them, and must do so by specifically clicking on either "FAQ" (Frequently Asked Questions) or "Terms and Conditions."

26. The "Terms and Conditions" section provides disclosures about three of the four fees on the last page of the section, at the thirteenth paragraph (out of a total of fourteen). If a user is reading the disclosures online, the user must scroll through the entire document to reach the most significant disclosures concerning the fees associated with the Gift Card. Only the $.50 balance

inquiry fee is disclosed more prominently -- it is contained in the fifth paragraph.

27. The "FAQ" section provides less information. This section is broken out into 26 "questions." No "question" asks Simon to identify all the fees and costs associated with the Gift Card, and in fact not all fees are disclosed on this page. In the answer to question 15 ("What if I want to buy something that costs more than the value of the Simon Visa Gift Card?"), information concerning the $.50 balance inquiry fee is disclosed. In the answer to question 18 ("Can the Simon Visa Gift Card be replaced if lost or stolen?"), information about the $5 replacement fee is disclosed; and in the answer to question 19 ("How long can I use the Simon Visa gift card?"), information about the $2.50 per month dormancy fee is disclosed.

28. If instead of clicking to "Terms and Conditions" or "FAQ", a consumer goes to a link called "About Simon Gift Card" to obtain an overview about how the card works, the consumer will learn the following: "How much does it cost? The total cost is the amount you choose to give -- from $25 to $500, plus shipping and handling charges." There is no other information about the fees to the recipient of the Gift Card in this section, including the dormancy fees, the reissue fees and the balance inquiry fees.

29. According to Simon, the Gift Card expires one year after the purchase date. Dormancy fees are charged six months from the purchase date, if the Gift Card has not been used within that time.

30. Simon has offered for sale and has sold Simon Gift Cards to Massachusetts residents.

31. Simon knew or should have known that its offer for sale and its sale of Simon Gift Cards constituted a violation of the Massachusetts gift certificate law and of the Massachusetts Consumer Protection Act, G.L. c. 93A.

32. Pursuant to G.L. c. 93A, § 4, the Attorney General provided notice to Simon on November 2, 2004 of his intention to file a lawsuit against Simon for the matters described herein. The parties were unable to resolve the issues raised by this Complaint.

## V.  CAUSES OF ACTION

### Count I

### (Simon's Gift Cards Violate the Massachsuetts Gift Certificate Statute)

33. Paragraphs 1 through 32 are restated and incorporated by reference as if fully pleaded herein.

34. By offering, selling, and providing gift cards to Massachusetts residents which explicitly expire within one year, Simon Property Group, Inc. has violated G.L. c. 200A, § 5D which provides that gift certificates "sold or offered to be sold shall be valid for not less than 7 years after its date of issuance."

35. By offering, selling, and providing gift cards to Massachusetts residents that charge fees to a gift card holder against the balances of the card, including specifically "dormancy" fees which are assessed against the card balances six months after the card is issued, Simon Property Group, Inc. has violated the Massachusetts gift certificate statute which contemplates that no fees may be assessed against a card's balance, according to the definition of "gift certificate" which is contained in G.L. c. 255D, § 1.

36. By engaging in violations of the Massachusetts Gift Certificate statute, the defendants have engaged in conduct which is unfair or deceptive, and therefore the defendants have violated G.L. c. 93A, § 2(a).

37. By engaging in violations of the Massachusetts Gift Certificate statute, a law meant

to protect the welfare of Massachusetts consumers, the defendants have engaged in violations of G.L. c. 93A, §2(a) by operation of 940 CMR 3.16(3), which provides that acts or practices which violate state laws which are meant to protect the health, safety or welfare of Massachusetts consumers violate G. L. c. 93A.

### Count II

### (Simon's Fees Are Unfair)

38. Paragraphs 1 through 37 are restated and incorporated by reference as if fully pleaded herein.

39. By charging purchase fees, dormancy fees, balance inquiry fees, and card re-issuance fees, Simon Property Group, Inc. has engaged in practices which are unconscionable or otherwise unfair and in violation of G.L. c. 93A, § 2(a).

### Count III

### (Simon's Fees Are Deceptive)

40. Paragraphs 1 through 39 are restated and incorporated by reference as if fully pleaded herein.

41. By charging fees which are not adequately disclosed to consumers, Simon Property Group, Inc. has engaged in practices which are deceptive and in violation of G.L.. 93A, § 2(a).

### VI. RELIEF REQUESTED

42. WHEREFORE, the Commonwealth requests that this Court grant the following relief:

1. After a hearing on the merits:

a. Issue an appropriate permanent injunction to enjoin the defendant, Simon Property Group, Inc., from (a) offering for sale or selling any gift card within Massachusetts which expires before the passage of 7 years; and (b) imposing any fees against the gift card holder; and which provides for such other injunctive relief as may be appropriate.

b. Order the defendant, Simon Property Group, Inc., to pay to the Commonwealth civil penalties, reasonable attorneys' fees and costs, and appropriate consumer remedies pursuant to G.L. c. 93A, §4.

c. Grant such other relief as the Court deems just and proper, including but not limited to an order requiring that Simon Property Group, Inc. disgorge any improper fees which it charged to consumers under its Gift Card program.

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL

By: *[signature]*
Pamela S. Kogut, BBO #550865
Diane Lawton, BBO # 555584
Judith Whiting, BBO #600865
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018
(617) 727-2200

Dated: November 15, 2004

-11-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Commonwealth of Massachusetts v.__
   __Simon Property Group, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☒ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   SPGGC, Inc. v. Thomas F. Reilly, 04-CV-12398-RCL

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☒   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul W. Shaw__
ADDRESS __Brown Rudnick, 1 Financial Ctr., Boston, MA 02111__
TELEPHONE NO. __617-856-8200__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Commonwealth of Massachusetts

**DEFENDANTS**
Simon Property Group, Inc.

(b) County of Residence of First Listed Plaintiff    **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    **Marion County, IN**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Commonwealth of Massachusetts,
Thomas F. Reilly, Attorney General
One Ashburton Pl., Boston, MA 02108

Attorneys (If Known) Paul W. Shaw, (BBO#455500)
Brown Rudnick, 1 Financial Center
Boston, MA 02110
(617) 856-8200

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

National Banking Act, 12 U.S.C., Section 21 et seq. - Federal Preemption

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE Lindsay    DOCKET NUMBER 04-12398RCL

DATE 11/16/04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____