

**BROWN RUDNICK BERLACK ISRAELS** LLP

**PAUL W. SHAW**
DIRECT DIAL: (617) 856-8363
INTERNET E-MAIL:pshaw@brownrudnick.com

November 22, 2004

## VIA HAND DELIVERY

Clerk
United States District Court
for the District of Massachusetts
Suite 2300
1 Courthouse Way
Boston, MA  02210

    Re:    *Commonwealth of Massachusetts v. Simon Property Group, Inc.,*
        Civil Action No. 04-CV-12422-RCL

Dear Clerk:

    Enclosed for filing with regard to the above-referenced matter, please find attested copies of all records, proceedings and docket entries from the Suffolk Superior Court in the removed state court action, Civil Action No. 04-4993.

    Kindly acknowledge receipt of said document by time-stamping the enclosed copy of this letter and returning it to the messenger who is waiting.

                Very truly yours,

                BROWN RUDNICK BERLACK ISRAELS LLP

                By: _____
                        Paul W. Shaw

PWS/sns

cc:  Pamela Kogut, Massachusetts Attorney General's Office

#1312730 v\1 - strattsn - s4wq01!.docL - 20345/24

One Financial Center
Boston, Massachusetts 02111
617.856.8200
fax 617.856.8201
www.brownrudnick.com

Boston | Hartford | London | New York | Providence

MAS-20030912
gudru

11/18/2004
10:53 AM

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-04993
## Massachusetts v Simon Property Group, Inc

| | | | |
|---|---|---|---|
| File Date | 11/15/2004 | Status | Disposed: transferred to other court (dtrans) |
| Status Date | 11/18/2004 | Session | BLS - CtRm 6 |
| Origin | 1 | Case Type | BH2 - Complex unfair trade practices |
| Lead Case | | Track | B |

| | | | |
|---|---|---|---|
| Service | | Answer | |
| Rule 15 | | Discovery | Rule 12/19/20 |
| Final PTC | | Disposition | Rule 56 |
| | | | Jury Trial    No |

### PARTIES

**Plaintiff**
Commonwealth of Massachusetts
Active 11/15/2004

**Private Counsel 550865**
Pamela S Kogut
Mass Atty General's Office
1 Ashburton Place
19th floor
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-3251
Active 11/15/2004 Notify

**Defendant**
Simon Property Group, Inc
Service pending 11/15/2004

**Private Counsel 455500**
Paul W Shaw
Brown Rudnick Berlack Israels LLP
1 Financial Center
17th Floor
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 11/18/2004 Notify

**Private Counsel 561920**
Margaret M Pinkham
Brown Rudnick Berlack Israels LLP
1 Financial Center
18th floor
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 11/18/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/15/2004 | 1.0 | Complaint (Business) filed |
| 11/15/2004 | | Origin 1, Type BH2, Track B. |
| 11/15/2004 | 2.0 | Civil action cover sheet filed |
| 11/16/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | Simon Property Group, Inc., U. S. Dist #(04-12422RCL). |
| 11/18/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

case01 243542 y y y y y y

Page 1 of 2

I HEREBY ATTEST AND CERTIFY ON
NOV. 19, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASSISTANT CLERK.

*Suffolk Superior Civil # 04 - 4993*



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,
    Plaintiff

v.

SIMON PROPERTY GROUP, INC.,
    Defendant

Civil Action No.

**04    12422 RCL**

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to the provisions of 28 U.S.C. §1441(b), the Defendant, Simon Property Group, Inc., ("Simon"), hereby provides notice of removal of this action from the Massachusetts Trial Court, Superior Court Department, Suffolk County, to the United States District Court for the District of Massachusetts. Removal is proper for the following reasons:

1.    This civil action was commenced by Thomas F. Reilly, Attorney General of Massachusetts on behalf of the Commonwealth of Massachusetts in the Suffolk Superior Court on or about November 15, 2004. The case was docketed as Civil Action No. 04-4993

2.    Counsel for Simon agreed to accept service of process of the Complaint on behalf of Simon on November 15, 2004.

3.    In accordance with the requirements of 28 U.S.C. §1446, this Notice of Removal is timely filed within thirty (30) days after Defendants were served with notice of this action.

4.    This Court is within the judicial district that embraces the county of the Superior Court where this action is currently pending.

5.    This case is removable from state court to federal court on the basis of federal question jurisdiction under 28 U.S.C. §1331. An action filed in state court that presents a

question arising under federal law may be removed to federal district court regardless of the citizenship or residence of the parties. 28 U.S.C. §1441(b).

6.  Removal here is appropriate because the Attorney General's claims against Simon are based on conduct which is wholly governed by the National Banking Act, 12 U.S.C. § 21 *et seq.* and regulations of the Office of the Comptroller of the Currency. As a result, these claims fall within the so-called "complete preemption" doctrine.

7.  "Complete preemption" is an exception to the well-pleaded complaint rule, which is the test courts use to determine whether federal question jurisdiction exists for the purposes of removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 392-393 (1987); Brawn v. Coleman, 167 F. Supp. 2d 145, 149 (D. Mass. 2001). A plaintiff possessing both state and federal claims arising out of the same core facts, who pleads only the state claims, will not be subject to removal unless the federal claims completely preempt the state law claims. E.g., Beneficial National Bank v. Anderson, 539 U.S. 1, 9-10 (2003) (removal based upon complete preemption doctrine proper because National Banking Act provided the exclusive cause of action for usury claims against national banks); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987) (claims for benefits or enforcement of rights under ERISA completely preempted); Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists, 390 U.S. 557, 560 (1968) (holding that Labor Management Relations Act completely preempts state law claims); Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666-667 (1974) (claims regarding Indian land rights are preempted and therefore removable to federal court).

8.  The National Banking Act completely preempts all state law causes of action that seek essentially to limit the rights granted under the Act. As a result, a complaint that does not plead any federal claims but nonetheless pleads state law claims implicating the National

2

Banking Act, is subject to removal. See Beneficial National Bank v. Anderson, 539 U.S. 1, 9-10 (2003) (removal based upon complete preemption doctrine proper because National Banking Act provided the exclusive cause of action for usury claims against national banks); Krispin v. May Department Stores Co., 218 F.3d 919, 924 (8th Cir. 2000) (removal proper where National Banking Act completely preempted credit customers' state law usury claims against department store); M. Nahas & Co., Inc. v. First Nat'l. Bank of Hot Springs, 930 F.2d 608, 612 (8th Cir. 1991) (removal proper where National Banking Act completely preempted state law usury penalties on which claim was based).

9.    Here, the Attorney General's claims against Simon for violations of the Massachusetts gift certificate law, Mass. G.L. c. 200A, §5D and Mass. G.L. c. 255D, §1, and the Massachusetts Consumer Protection Act, Mass. G.L. c. 93A, §2(a), can only be remedied in Federal court under the National Banking Act because these claims involve only the following conduct, all of which is governed by federal regulations: (1) imposing an expiration date in compliance with VISA U.S.A., Inc., regulations; (2) determining the amount of and charging fees on a national bank product; and (3) providing disclosures of the terms and conditions of a national bank product. Compl. ¶¶ 16, 34 (alleging that the Simon Giftcard's one year expiration date violates G.L. c. 200, § 5D); Compl. ¶¶ 17, 18, 35, 39 (alleging that the various administrative fees and dormancy fees associated with the Simon Giftcard violate G.L. c. 255D, §1 and G.L. c. 93A, §2(a)); Compl. ¶¶ 19-28, 41 (alleging inadequate fee disclosures associated with the Simon Giftcard in violation of G.L. c. 93A, §2(a)).

10.    Removal of all claims asserted in this action is appropriate under 28 U.S.C. §1441(c).

11.    By filing this Notice of Removal, Simon does not waive any defenses or rights that may be available to it.

12.    Pursuant to 28 U.S.C. §1446(a), attached to this Notice of Removal as <u>Exhibit 1</u>, are copies of all "process, pleadings, and orders" served upon Simon to date.

13.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be promptly sent to all counsel of record, and a copy of this Notice of Removal will be filed with the Clerk of the Suffolk Superior Court.

HEREBY ATTEST AND CERTIFY ON

NOV. 19, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

Dated: November 16, 2004

Respectfully submitted,
SPGGO, INC.,

Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone:  617-856-8200
Facsimile:  617-856-8201

## CERTIFICATE OF SERVICE

I hereby,  certify that I have served a copy of this Notice of Removal in hand on November 16, 2004 on the offices of the following:

Pamela S. Kogut, Esq.
Diane Lawton, Esq.
Judith Whiting, Esq.
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA  02018

Paul W. Shaw

#1312529 v\1 - 20345/24

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,ss                          SUPERIOR COURT DEPARTMENT
                                    CIVIL ACTION NO. 04-4993

COMMONWEALTH OF                )
MASSACHUSETTS,                 )
                               )
            Plaintiff,         )
                               )
      v.                       )
                               )
SIMON PROPERTY GROUP, INC.,    )
                               )
            Defendant.         )

## NOTICE TO PARTIES AND STATE COURT OF REMOVAL

To:   Clerk of Court
      Superior Court Department,
      Massachusetts Trial Court, Suffolk County
      John W. McCormack Post Office and Courthouse
      90 Devonshire Street
      Boston, MA 02109

      Pamela S. Kogut, Assistant Attorney General
      Diane L. Lawton, Assistant Attorney General
      Judith W. Whiting, Assistant Attorney General
      Consumer Protection Division
      Office of the Attorney General
      One Ashburton Place
      Boston, MA  02108

**PLEASE TAKE NOTICE** that Defendant Simon Property Group, Inc. has filed a Notice of Removal of this action with the United States District Court for the District of Massachusetts. A copy of the Notice of Removal filed in the office of the Clerk of the United States District Court for the District of Massachusetts is attached. A copy of this notice is hereby being provided to the Clerk of the Massachusetts Superior Court for Suffolk County.

The removal of this action was authorized by 28 U.S.C. § 1446, and the filing of a copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court for Suffolk County, precludes that Court from any further proceedings in this action unless and until the action is remanded from the United States District Court.

Respectfully submitted,

SIMON PROPERTY GROUP, INC.,

Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone:  617-856-8200
Facsimile:  617-856-8201

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record on the 16th day of November, 2004, by hand, as follows:

COMMONWEALTH OF MASSACHUSETTS
Pamela S. Kogut, Assistant Attorney General
Diane L. Lawton, Assistant Attorney General
Judith W. Whiting, Assistant Attorney General
Consumer Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA  02108

Paul W. Shaw

#1312739 v\1 - strattsn - s4wz01!.doc□ - 20345/24

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO.
                                                              04-4993 B. LS

COMMONWEALTH OF MASSACHUSETTS,    )
                                  )
                     Plaintiff,   )
                                  )
vs.                               )        COMPLAINT
                                  )
SIMON PROPERTY GROUP, INC.,       )
                                  )
                     Defendants.  )

## I. INTRODUCTION

1. This is a civil action brought in the public interest by the Attorney General on behalf of the Commonwealth of Massachusetts, pursuant to G.L. c. 93A §4. By this action, the Attorney General seeks to enjoin the defendant, Simon Property Group, Inc., from selling and issuing gift cards that: (a) contain a one-year expiration date in violation of G.L. c. 200A, §5D, the Massachusetts gift certificate law which provides that gift cards may not expire before the passage of seven (7) years; (b) impose a variety of fees on gift card recipients, in violation of G.L. c. 255D, § 1, which contemplates that fees may not be charged at all to gift card holders; and (c) in these and other ways contain terms which are unfair and deceptive in violation of G.L. c. 93A, § 2(a).

2. In addition to injunctive relief, the Attorney General also seeks remedies for

consumers, civil penalties, and the costs of investigating and prosecuting this action, including attorneys' fees.

## II.   JURISDICTION AND VENUE

3. The Attorney General is authorized to bring this action pursuant to G.L. c. 93A, §4, and G.L. c. 12, §10.

4. This Court has jurisdiction over this matter pursuant to G.L. c. 214, §1, and G.L. c. 93A, §4.

5. Venue is proper with this Court pursuant to G.L. c. 223, §5, and G.L. c. 93A, § 4.

## III.   THE PARTIES

6. The plaintiff is the Commonwealth of Massachusetts (the "Commonwealth"), represented by the Attorney General who brings this action in the public interest.

7. The defendant Simon Property Group, Inc. is a Delaware corporation with a principal place of business at its corporate headquarters at 115 West Washington Street, Indianapolis, Indiana 46204. Simon Property Group, Inc., together with its affiliate SPGGC, Inc., promotes and offers for sale the Simon Gift Cards which are the subject of this lawsuit. Together, Simon Property Group, Inc. and SPGGC, Inc., are referred to as "Simon."

## IV.   FACTS

## Simon Gift Cards – General Background

8. Simon Property Group, Inc. ("Simon") owns and operates malls and community shopping centers in 36 states around the country, including 14 malls in the Commonwealth:  (a) Arsenal Mall, Watertown; (b) Atrium Mall, Newton; (c) Auburn Mall, Auburn; (d) Burlington Mall, Burlington; (e) Cape Cod Mall, Hyannis; (f) Copley Place, Boston; (g) Emerald Square,

North Attleboro; (h) Greendale Mall, Worcester; (i) Liberty Tree Mall, Danvers; (j) Northshore Mall, Peabody; (k) Solomon Pond Mall, Marlborough; (l) South Shore Plaza, Braintree; (m) Square One Mall, Saugus; and (n) The Mall at Chestnut Hill, Newton.

9. On information and belief, at locations in each of its 14 Massachusetts malls, Simon offers "Gift Cards" for sale. These Gift Cards resemble a credit card in appearance, and contain a "Visa" logo. While Simon may promote them for use at retail stores within Simon malls, in fact, the cards may be used outside the malls at any other retail or business establishment which accepts Visa cards for payment.

10. These Gift Cards constitute "gift certificates" in Massachusetts according to G.L. c. 255D, § 1 which provides that a gift certificate "shall include an electronic card with a banked dollar value."

11. Simon also operates a web site (www.simon.com), and it promotes its Gift Cards for sale on its site.

12. According to the Simon Gift Card brochure which is further described in paragraph 22(a), below, "The Gift Card is neither a credit card nor an FDIC-insured deposit account. This Gift Card is issued by Bank of America, N.A., pursuant to a license from Visa U.S.A. Inc."

13. While Simon and Bank of America, N.A. may have an agreement concerning the issuance of Simon's Gift Cards, the cards are provided and administered by WildCard Systems, Inc., a company which is in the business of providing and administering "stored value cards" including the Simon Gift Cards. According to WildCard Systems, Inc.'s web site, WildCard Systems, Inc. "is the global solutions leader in turnkey host based prepaid cards and custom stored-value products." Simon Malls is identified on WildCard Systems, Inc.'s website as one of

-3-

its "partners."

14. On information and belief, WildCard Systems, Inc. provides the actual Gift Cards to Simon, provides the accounting services related to each card for Simon, and provides the consumer support services related to the cards for Simon, among other such services.

Simon Gift Cards -- Fees and Expiration Date

15. Simon's Gift Cards may be purchased in whole dollar amounts ranging from $25 to $500. In general, Gift Card holders may use the card when they make a purchase, and the value remaining on the card is tracked.

16. According to Simon, Gift Card holders can continue to use the card until either the card expires or the value of the card is exhausted, whichever occurs first. The Simon Gift Card expires after one year, and the card contains an expiration date to such effect on its face. This feature violates G.L. c. 200, § 5D, which requires that gift cards not expire prior to seven (7) years from the date they are issued.

17. Simon charges the Gift Card purchaser an initial, one-time fee for the Gift Card:

(a) if the card is purchased online, a shipping and "handling" fee of $5.95 (or $17.95 if the consumer selects either 2-day or next day delivery); or

(b) if the card is purchased at a mall, an up-front "handling" fee of $1.50.

18. Simon imposes the following four fees on Gift Card holders in connection with their use of Simon Gift Cards:

(a) if the cash value of the card is not used within six (6) months, a $2.50 dormancy fee is deducted from the remaining balance on the card each month thereafter.

(b) if the consumer calls a toll free number to learn the remaining value of the Gift Card,

-4-

$.50 is deducted from the value of the card for each call after the first such call.

(c) if the card is lost or stolen and the consumer seeks to have the card reissued (assuming that the consumer has recorded and saved the Gift Card's number, and is therefore able to request that the card be reissued), there is a $5.00 "reissue" fee deducted from the value of the card.

(d) if the consumer does not use the balance on the card before it expires and seeks to have a card reissued, the consumer will be charged a $7.50 "reissue" fee against the value remaining on the card.

Each of these fees violates G.L. c. 255D, §1, which contemplates that no fees may be charged to a gift card holder.

## Disclosure of Fees

19. The fees described above are disclosed to consumers in different ways depending on whether the purchase is made at a Simon Mall or online. In either scenario, the disclosures are inadequate.

### Mall Purchase

20. On information and belief, when Simon first began selling Gift Cards to Massachusetts consumers in early 2003, it made only one written disclosure about the fees associated with the Gift Cards on a "counter card" display to Gift Card purchasers: that one disclosure concerned the one-time $1.50 fee charged to Gift Card purchasers. Other than this single disclosure, Simon did not provide any information to Gift Card purchasers about the fees which would be deducted from the Gift Card balances. At that time (in early 2003), Simon provided "card carrier" envelopes with the Gift Cards which were intended for the Gift Card

recipients. These card carriers provided disclosures to consumers about only two of the four fees which could be charged against the balance on the Gift Card: (a) the $2.50 dormancy fees which were charged after the sixth month, and (b) the $5.00 reissue fees which were charged to the consumer if the Gift Card were lost or stolen.

21. In or about April, 2003, Simon changed its practices, and began making fuller disclosures both to the Gift Card purchasers and to Gift Card recipients. The disclosures now made, however, are still inadequate.

22. Currently, a consumer who purchases a Gift Card at a Simon Mall is provided two forms of written disclosures: (a) a brochure, and (b) a jacket enclosure for the Gift Card, which includes a booklet which folds, fan-style, to the size of the Gift Card. Neither the brochure nor the jacket enclosure provides information to the purchaser about the one-time purchase fee.

(a) brochure: The brochure provides information about each of the four fees noted above at paragraph 18, but these four fees are not disclosed in one place, are difficult to find within the brochure, and are not calculated to provide actual notice to the cardholder. For instance, three of the four fees are disclosed in very small (i.e., seven-point) type in an interior section of the brochure entitled "Service Charges" (the charge assessed to card holders who call Simon to check account balances is not disclosed in this section). In larger (nine-point) type, and in a more prominent location within the brochure, the dormancy fees and the $7.50 card reissue fees are disclosed, but within a section called "Do I ever expire?" instead of within a section with a title concerning the card's fees.

b. booklet: The booklet's description of the fees assessed to the card holder is

similar to that in the brochure, except that all of the print is smaller. In a section entitled "Do I ever expire?", the dormancy fees and $7.50 reissue fees are disclosed in larger type (in the booklet, the largest print is seven-point type). Remaining fees are disclosed in less prominent locations and in smaller type (the smallest print is six-point type). Again, in a section entitled "Service Charges," three of the four fees assessed to the card holder are disclosed in the smallest print (six-point type).

*Online Purchase*

23. Consumers may also purchase Simon Gift Cards online through Simon's website, www.simon.com.

24. A consumer can purchase a Gift Card from Simon's web site without learning about any of the fees Simon charges to the Gift Card holder, because there are no fee disclosures on the home page or on any of the interactive pages on which a consumer inputs purchase, delivery, and billing information. Only the shipping and handling charges will be made known to the consumer who does not affirmatively seek out information concerning the fees associated with the Gift Card.

25. Only those consumers who seek out information about fees associated with the Gift Card will learn about them, and must do so by specifically clicking on either "FAQ" (Frequently Asked Questions) or "Terms and Conditions."

26. The "Terms and Conditions" section provides disclosures about three of the four fees on the last page of the section, at the thirteenth paragraph (out of a total of fourteen). If a user is reading the disclosures online, the user must scroll through the entire document to reach the most significant disclosures concerning the fees associated with the Gift Card. Only the $.50 balance

-7-

inquiry fee is disclosed more prominently -- it is contained in the fifth paragraph.

27. The "FAQ" section provides less information. This section is broken out into 26 "questions." No "question" asks Simon to identify all the fees and costs associated with the Gift Card, and in fact not all fees are disclosed on this page. In the answer to question 15 ("What if I want to buy something that costs more than the value of the Simon Visa Gift Card?"), information concerning the $.50 balance inquiry fee is disclosed. In the answer to question 18 ("Can the Simon Visa Gift Card be replaced if lost or stolen?"), information about the $5 replacement fee is disclosed; and in the answer to question 19 ("How long can I use the Simon Visa gift card?"), information about the $2.50 per month dormancy fee is disclosed.

28. If instead of clicking to "Terms and Conditions" or "FAQ", a consumer goes to a link called "About Simon Gift Card" to obtain an overview about how the card works, the consumer will learn the following: "How much does it cost? The total cost is the amount you choose to give -- from $25 to $500, plus shipping and handling charges." There is no other information about the fees to the recipient of the Gift Card in this section, including the dormancy fees, the reissue fees and the balance inquiry fees.

29. According to Simon, the Gift Card expires one year after the purchase date. Dormancy fees are charged six months from the purchase date, if the Gift Card has not been used within that time.

30. Simon has offered for sale and has sold Simon Gift Cards to Massachusetts residents.

31. Simon knew or should have known that its offer for sale and its sale of Simon Gift Cards constituted a violation of the Massachusetts gift certificate law and of the Massachusetts Consumer Protection Act, G.L. c. 93A.

-8-

32. Pursuant to G.L. c. 93A, § 4, the Attorney General provided notice to Simon on November 2, 2004 of his intention to file a lawsuit against Simon for the matters described herein. The parties were unable to resolve the issues raised by this Complaint.

## V.  CAUSES OF ACTION

### Count I

### (Simon's Gift Cards Violate the Massachsuetts Gift Certificate Statute)

33. Paragraphs 1 through 32 are restated and incorporated by reference as if fully pleaded herein.

34. By offering, selling, and providing gift cards to Massachusetts residents which explicitly expire within one year, Simon Property Group, Inc. has violated G.L. c. 200A, § 5D which provides that gift certificates "sold or offered to be sold shall be valid for not less than 7 years after its date of issuance."

35. By offering, selling, and providing gift cards to Massachusetts residents that charge fees to a gift card holder against the balances of the card, including specifically "dormancy" fees which are assessed against the card balances six months after the card is issued, Simon Property Group, Inc. has violated the Massachusetts gift certificate statute which contemplates that no fees may be assessed against a card's balance, according to the definition of "gift certificate" which is contained in G.L. c. 255D, § 1.

36. By engaging in violations of the Massachusetts Gift Certificate statute, the defendants have engaged in conduct which is unfair or deceptive, and therefore the defendants have violated G.L. c. 93A, § 2(a).

37. By engaging in violations of the Massachusetts Gift Certificate statute, a law meant

-9-

to protect the welfare of Massachusetts consumers, the defendants have engaged in violations of G.L. c. 93A, §2(a) by operation of 940 CMR 3.16(3), which provides that acts or practices which violate state laws which are meant to protect the health, safety or welfare of Massachusetts consumers violate G. L. c. 93A.

## Count II

### (Simon's Fees Are Unfair)

38. Paragraphs 1 through 37 are restated and incorporated by reference as if fully pleaded herein.

39. By charging purchase fees, dormancy fees, balance inquiry fees, and card re-issuance fees, Simon Property Group, Inc. has engaged in practices which are unconscionable or otherwise unfair and in violation of G.L. c. 93A, § 2(a).

## Count III

### (Simon's Fees Are Deceptive)

40. Paragraphs 1 through 39 are restated and incorporated by reference as if fully pleaded herein.

41. By charging fees which are not adequately disclosed to consumers, Simon Property Group, Inc. has engaged in practices which are deceptive and in violation of G.L.. 93A, § 2(a).

## VI.  RELIEF REQUESTED

42. WHEREFORE, the Commonwealth requests that this Court grant the following relief:

1. After a hearing on the merits:

a. Issue an appropriate permanent injunction to enjoin the defendant, Simon Property Group, Inc., from (a) offering for sale or selling any gift card within Massachusetts which expires before the passage of 7 years; and (b) imposing any fees against the gift card holder; and which provides for such other injunctive relief as may be appropriate.

b. Order the defendant, Simon Property Group, Inc., to pay to the Commonwealth civil penalties, reasonable attorneys' fees and costs, and appropriate consumer remedies pursuant to G.L. c. 93A, §4.

c. Grant such other relief as the Court deems just and proper, including but not limited to an order requiring that Simon Property Group, Inc. disgorge any improper fees which it charged to consumers under its Gift Card program.

I HEREBY ATTEST AND CERTIFY ON
NOV. 19, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By:

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL

Pamela S. Kogut, BBO #550865
Diane Lawton, BBO # 555584
Judith Whiting, BBO #600865
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018
(617) 727-2200

Dated: November 15, 2004

-11-

**CIVIL ACTION**
**COVER SHEET**

DOCKET NO(S).
**B.L.S.** 04-4993

PLAINTIFF(S)
COMMONWEALTH OF MASSACHUSETTS

DEFENDANT(S)
SIMON PROPERTY GROUP, INC.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Pamela Kogut, Diane Lawton, Judith Whiting
Attorney General's Off., G. One Ashburton Place,
Board of Bar Overseers number: 556365

ATTORNEY (if known)

Origin Code

Original Complaint

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.      TYPE OF ACTION (specify)    TRACK      IS THIS A JURY CASE?

BH 2      Unfair Trade Practice    ( B )      ( ) Yes    (X) No

The following is a full and detailed statement of the facts on which plaintiff relies to
determine eligibility in to The Business Litigation Session.

This is a civil action brought in the public interest by the
Attorney General on behalf of the Commonwealth of
Massachusetts pursuant to G.L. c 93A, §4. By this action,
the AG seeks to enjoin the defendant from selling
and issuing gift certificates in violation of G.L. c
200A, §5D and G.L. c.93A, §2(a). The Commonwealth
anticipates that the defendant will raise
preemption defenses, and may specifically argue
that the National Bank Act preempts application
of state laws to its gift certificates

***A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation
Session at the Rule 16 Conference.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record    Pamela Kogut                        DATE: 11/15/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

NOV. 19, 2004 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.