UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br>    Plaintiff<br><br>                    v.<br><br>SIMON PROPERTY GROUP, INC.,<br>    Defendant | Civil Action No. 04-12422-RCL |

**ASSENTED TO**
**MOTION TO EXCEED PAGE LIMIT**

Pursuant to Local Rule 7.1(B)(4), Defendant, Simon Property Group, Inc. ("Simon") hereby requests leave of this Court to exceed the 20 page limit by 5 pages, including signature pages, and submit its *Memorandum of Law in Support of Its Motion to Dismiss* of no longer than 25 pages. As grounds for this motion, Simon states that the five additional pages are necessary for Simon to fully and cogently present the facts and legal arguments in support of its *Motion to Dismiss*. Specifically, Simon states as follows:

1.   This matter involves the allegations of the Commonwealth that Simon Giftcards—the stored value card sold by Simon and issued by Bank of America, N.A. ("BOA")—contain expiration dates and impose various fees in violation of M.G.L. c. 200A, § 5D (the Massachusetts gift certificate law), M.G.L. c. 255D, § 1 and are unfair and deceptive in violation of M.G.L. c. 93A, the Massachusetts Consumer Protection Act.

2.   Simon is moving to dismiss the Commonwealth's action for two reasons.

3.   First, the expiration date and fees the Commonwealth contends violate Massachusetts law are terms of a stored value card issued by a national bank in accordance with federal law and regulations, and state law on this subject is therefore preempted. Pursuant to National Bank Act of 1864, 12 U.S.C. § 21 *et seq.* and regulations of the Office of the

Comptroller of the Currency, it is within the authorized powers of Bank of America to issue products such as the Simon Giftcard, impose an expiration date, charge and determine the amount of fees on the Giftcards, and provide disclosures of the terms and conditions of the Giftcards in accordance with federal requirements. Because the Simon Giftcards are authorized and regulated by federal law, M.G.L. c. 200A, § 5D, the Massachusetts gift certificate law, M.G.L. c. 255D, § 1 and Chapter 93A, as applied to Simon Giftcards, are preempted.

4. The preemption argument requires a substantial number of pages to adequately describe both the operation of the Giftcard program at issue and an extensive discussion of how prepaid gift cards issued by a national bank are regulated under federal law and therefore subject to federal preemption

5. Second, Simon argues that this Court should dismiss this action because Massachusetts law, as applied to the Simon Giftcard, improperly interferes with interstate commerce in violation of the Commerce Clause of the United States Constitution, U.S. Const. Art. I, § 8, cl. 3.e. The Simon Giftcards can be purchased out of state (including through Simon's internet website) and brought into Massachusetts. Similarly, the Giftcards may be purchased in Massachusetts and used out-of-state. As such, the impact of Massachusetts law on Simon Giftcards cannot be limited to the Commonwealth. Thus, the effect of the application of state law to the Simon Giftcard would be to regulate commerce within other states, to interfere with Congress' ability to regulate interstate commerce, and to impose massive costs upon Simon and adversely impact the sale of Simon Giftcards in interstate commerce, in violation of the Commerce Clause of the United States Constitution, U.S. Const. Art. I, § 8, cl. 3.e. This argument requires additional pages to adequately describe how the Commonwealth's action runs afoul of the Commerce Clause, and therefore should be dismissed.

6. It is likely this motion will dispose of this matter and, therefore, it is in the interests of justice to allow this motion to exceed the page limit by 5 pages.

7. The parties conferred, and the Attorney General has assented to this request to exceed the page limit.

WHEREFORE, Simon requests that this Court grant leave to submit *Defendant's Memorandum of Law in Support of Its Motion to Dismiss* of no more than 25 pages, including signature pages.

SIMON PROPERTY GROUP, INC.,

Defendant

/s/ Margaret M. Pinkham
Paul W. Shaw (BBO No. 455500)
Margaret Pinkham (BBO No. 561920)
Daniel J. Brown (BBO No. 654459)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111-2600
Telephone: 617-856-8200
Facsimile: 617-856-8201
E-mail:pshaw@brownrudnick.com
E-mail:mpinkham@brownrudnick.com
E-mail:dbrown@brownrudnick.com

Dated: December 9, 2004

## CERTIFICATION OF COMPLIANCE
## WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), undersigned counsel hereby certifies that he contacted plaintiff's counsel in a good faith effort to resolve or narrow the issues presented by this motion.

Counsel for plaintiff has assented to this motion.

Dated: December 9, 2004

/s/ Margaret M. Pinkham
Margaret M. Pinkham

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Pamela S. Kogut, Esq.
Diane Lawton, Esq.
Judith Whiting, Esq.
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA  02018

Dated: December 9, 2004

/s/ Margaret M. Pinkham
Margaret M. Pinkham

#1315892 v\2 - browndj - 7ck02!.doc - 20345/29