UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12422-RCL

COMMONWEALTH OF MASSACHUSETTS,     )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )
SIMON PROPERTY GROUP, INC.,        )
                                   )
            Defendant.             )

## COMMONWEALTH OF MASSACHUSETTS' MOTION TO REMAND

Pursuant to Fed. R.Civ. P. 1447(c), plaintiff Commonwealth of Massachusetts, by its attorney, Attorney General Thomas F. Reilly, hereby moves this Court to remand the above-entitled action, removed to this Court by defendant Simon Property Group, Inc. ("Simon") on November 16, 2004, to the Suffolk County Superior Court. As grounds for his motion the Attorney General states as follows:

Simon owns and operates 14 shopping malls in Massachusetts. It sells and promotes for sale in the Commonwealth the Simon Gift Card, a gift certificate. Because fees and expiration date associated with the Gift Card violate both the Massachusetts Gift Certificate Law, G.L. c. 200A, §5D and G.L. c. 255D, §1, and the Massachusetts Consumer Protection Act, G.L. c. 93A, the Attorney General sent Simon a letter on November 1, 2004 indicating his intention to

1

file a lawsuit against the company. On November 12, 2004, two days after meeting with Attorney General staff to discuss the letter and the scheduling of a second such discussion, Simon filed a preemptive action in federal District Court captioned SPGGC, Inc. v. Thomas F. Reilly, Civil Action No. 04-12398-RCL. Simon's action seeks a declaration that the Attorney General's enforcement of state law is preempted by operation of the National Bank Act and regulations of the Office of the Comptroller of the Currency that implement the Act.

Simon removed the Attorney General's state court action to this Court on November 16, 2004 and then moved on November 18, 2004 to consolidate that suit with its declaratory judgment action. The Attorney General opposed the consolidation motion, noting that he intended to file the within motion to remand and to oppose the preemptive federal action: depending on this Court's rulings on those motions, consolidation could be a moot issue.

This Court should remand the Attorney General's suit against Simon, because the complaint presents no federal issues for this Court to decide. Under the "well-pleaded complaint rule," federal jurisdiction is ascertained by scrutinizing the face of a complaint and not by analyzing federal claims plaintiff could have raised or potential federal defenses defendant might have to plaintiff's claims. The Attorney General raises no federal claims in his complaint, thus jurisdiction is lacking in this Court.

While there is an exception to this rule in cases of "complete preemption," contrary to Simon's allegations the facts and circumstances charged in the Attorney General's complaint do not raise this exception. As is fully set forth in the Memorandum in support of the within motion, complete preemption is a *rara avis*, occurring in the very few situations where either specifically legislated or where the Supreme Court has determined that Congress intended federal

law to completely occupy a particular field. No federal law regulates gift certificates or preempts state law in the process.

Although recent Supreme Court precedent is contrary, and although neither the circumstances of this case, nor the laws or parties involved implicate this unusual exception to ordinary principles of federalism, Simon alleges that the National Bank Act completely preempts the Attorney General's enforcement of state law.[1] It avers that the Gift Card is a "national bank product," although failing to specifically name any national bank affiliated with the Gift Card. As a starting point, even were Simon to have alleged a relationship with a specific national bank regarding the Gift Card, though, the Attorney General has sued only Simon, owner and operator of a chain of shopping malls. No national bank is named in the Attorney General's complaint, and the National Bank Act does not apply to Simon itself. In addition, and as is more fully set forth in the accompanying Memorandum, the National Bank Act does not regulate gift certificates. There is no "complete preemption," and thus no inherent federal question, and remand is appropriate.

In other narrow circumstances a court may find a complaint raises a "federal question," and invokes federal court jurisdiction pursuant to 28 U.S.C. §1331, where plaintiff seeks a declaratory judgment that a public official's enforcement of state law will violate federal law, thereby depriving plaintiff of a substantive right under that federal law. However, because Simon's Gift Card is not regulated by federal law, the Attorney General's enforcement of state law against the company will not force it to violate any federal laws, and this rare exception to

---

[1] Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003), examined in detail in the accompanying Memorandum, holds that the National Bank Act completely preempts *only* those state laws related to usurious interest rates.

3

the "well-pleaded complaint rule" does not apply. Again, there is no inherent federal question, and remand is therefore appropriate. This Court does not have jurisdiction over the Attorney General's state law claims, and should therefore return the action to state court.

For all the reasons set forth more fully in the accompanying Memorandum of Law, the Attorney General's complaint presents no federal questions for this Court to decide. This action should therefore be remanded to Suffolk Superior Court.

WHEREFORE plaintiff, Commonwealth of Massachusetts, hereby requests that its motion to remand be granted in all respects, and that this Court grant such other and further relief as is deemed just and proper.

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

The undersigned counsel certifies that she has conferred with counsel for defendant Simon Property Group, Inc. and attempted in good faith to resolve or narrow the issue presented by the Commonwealth's motion to remand, and no issues could be resolved or narrowed.

## REQUEST FOR ORAL ARGUMENT

Pursuant to United States Dist. Ct. Local Rule 7.1(D), the Commonwealth requests oral

argument on this motion to remand.

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
Judith M. Whiting, BBO # 6000865
Pamela S. Kogut, BBO# 550865
Diane Lawton, BBO# 555584
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02108
tel. (617) 727-2200

Dated:        December 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16 day of December, 2004 served the within Motion to Remand and the Memorandum in Support of this motion by mailing these documents by first class mail, postage prepaid, to counsel for Simon Property Group, Inc., as follows:

Paul W. Shaw, Esq.
Margaret M. Pinkham, Esq.
Brown Rudnick Berlack Israels, LLP
One Financial Center
Boston, MA 02111-2600

_____
Judith M. Whiting