UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12422-RCL

COMMONWEALTH OF MASSACHUSETTS, )
)
Plaintiff, )
)
vs. )
)
SIMON PROPERTY GROUP, INC., )
)
Defendant. )

## MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH OF MASSACHUSETTS' MOTION TO REMAND

### 1. INTRODUCTION

Simon Property Group, Inc. ("Simon") owns and operates shopping malls, 14 of which are located in Massachusetts. Simon sells and offer for sale in Massachusetts the "Simon Gift Card," a plastic gift certificate which accrues fees each month, starting six months after purchase and completely expires six months thereafter, in violation of both the Massachusetts Gift Certificate Law, G.L. c. 200A, §5D and G.L. c. 255D, §1, and the Massachusetts Consumer Protection Act, G.L. c. 93A. Hundreds of thousands of these Gift Cards have been sold in Massachusetts since Simon introduced them in 2003.

Attorney General Thomas F. Reilly is charged at G.L. c. 12, §10 and G.L. c. 93A, §4 with protecting the Commonwealth's consumers and the public interest in general. On November 1,

1

2004 the Attorney General commenced this proceeding against Simon by sending it a letter pursuant to G.L. c. 93A, §4, indicating his belief that the Gift Card violated state law and his intention to sue if the violations were not remedied. The parties met at the Attorney General's Office on November 10, 2004 to confer about the Attorney General's intended action. At that time the parties discussed scheduling a second meeting, but instead, on November 12, 2004, Simon filed a complaint in this Court seeking to restrain the Attorney General from pursuing his state law claims on the grounds that the National Bank Act preempts this enforcement.

The Attorney General filed suit in Suffolk Superior Court on November 15, 2004. As indicated in his November 1 letter to Simon, the Attorney General's complaint seeks injunctive and monetary relief against the company for its violation of both the Massachusetts Gift Certificate Law, G.L. c. 200A, §5D and c. 255D, §1, and the Massachusetts Consumer Protection Act, G.L. c. 93A. The complaint does not name any parties other than Simon, and raises claims only under state law.

On November 16, 2004, Simon removed the Attorney General's complaint to this Court pursuant to 28 U.S.C. §1446, on the asserted basis of "federal question" jurisdiction under 28 U.S.C. §1331. Simon avers that removal is appropriate because the Attorney General's claims concern conduct governed by the National Bank Act, 12 U.S.C. §§21 et seq. and Office of the Comptroller of the Currency ("OCC") regulations, a regulatory framework Simon asserts completely preempts the Attorney General's enforcement of Massachusetts law.

Simon is in error. Because the National Bank Act and OCC regulations do *not* completely preempt the Massachusetts Gift Certificate Law and Consumer Protection Act, there is no federal question, and this Court lacks subject matter jurisdiction over the Attorney

2

General's complaint. The Attorney General therefore moves, pursuant to 28 U.S.C. §1447(c), to remand the within action to Suffolk Superior Court.[1]

## 2. ARGUMENT

A. <u>This Court Lacks Subject Matter Jurisdiction Over the Removed Action</u>

I. <u>The Attorney General's Complaint Does Not Raise a Federal Question</u>

A suit filed in state court may be removed to federal court *only* if the federal court would have had original subject matter jurisdiction over the suit. Title 28 U.S.C. § 1441(a); <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386 (1987). See also 14A Wright, Miller & Cooper, <u>Federal Practice and Procedure</u> § 3721, at 189 (1985). The removal statute does not in itself create jurisdiction; instead, removal statutes are strictly construed. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941), and defendants have the burden of showing the federal court's jurisdiction. <u>BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America</u>, 132 F.3d 824, 831 (1st Cir.1997). Here removal is improper, and remand should be granted, because this Court would not have had jurisdiction over the Attorney General's complaint had the suit been filed here initially: the complaint does not raise federal questions justiciable in this Court.

Jurisdiction is normally ascertained from the face of the state court complaint that

---

[1] Because Simon's Notice of Removal does not refer to the effect of the Attorney General's regulation on interstate commerce, a topic raised in its First Amended Complaint filed in this Court, this Motion does not address it. In any event, a defendant can not, "merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." <u>Caterpillar, Inc. v Williams</u>, 482 U.S. 386, 399 (1987). Removal would not be proper on the asserted basis that the Attorney General's suit seeks improper regulation of interstate commerce.

3

triggered the removal. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (describing the "well-pleaded complaint" rule); PCS 2000 LP v. Romulus Telecommunications, Inc., 148 F.3d 32, 34 (1st Cir.1998) ("the [well-pleaded complaint] rule stipulates that, with a few exceptions, . . . a case arises under federal law only if a federally cognizable cause of action appears within the four corners of the complaint"). Here the Attorney General's complaint, brought in the public interest, concerns and relies solely on Massachusetts law. The Attorney General alleges that Simon's Gift Cards contain fees and terms which violate the Massachusetts Gift Certificate Law and Consumer Protection Act, G.L. c. 200A, §5D and 255D, §1 and c .93A, respectively. No federal law is cited or relied upon, and reference to federal law is not required in order to decide the issues.

This is not a situation where the Attorney General, as plaintiff, possesses both federal and state claims against a party but has chosen to raise only the latter. There is no question of "artful pleading," and remand to state court, for that court to hear state claims, is appropriate.

II. Claims Raised in the Attorney General's Complaint Are Not Subject to Complete Preemption by Federal Law, And Thus Are Not Exempted From Well-Pleaded Complaint Doctrine.

Simon asserts that, although the Attorney General's complaint neither makes claims nor seeks relief under federal law, removal is nonetheless proper because the Attorney General's claims against Simon "are based on conduct which is wholly governed by the National Banking Act . . . and regulations of the Office of the Comptroller of the Currency." Simon Notice of Removal, ¶ 6. It asserts that the Attorney General's claims are therefore subject to the doctrine of "complete preemption," thus creating a "federal question" properly before this Court. Simon Notice of Removal, ¶ 6.

4

While a narrow exception to the well-pleaded complaint rule does exist in cases of complete preemption, this is not such a case. As is more fully discussed below, because neither Simon   owner and operator of shopping malls – nor the conduct at issue – the fees Simon chooses to charge its Gift Card customers and the expiration date it assigns the card – is governed by the National Bank Act, there is no preemption, and no federal question, and thus no jurisdiction in this Court. Simon bears the burden of showing that the Attorney General's action is completely preempted. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 5 (1st Cir. 1999). It has not done so: remand is therefore proper.

Complete preemption occurs in the rare situation where a federal statute wholly displaces a state-law cause of action. See, e.g., Avco Corp. v. Machinists, 390 U.S. 557 (1968). Where a federal statute completely preempts a state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. Beneficial Nat'l Bank v. Anderson, 589 U.S. 1, 8 (2003). To date, however, the Supreme Court has found complete preemption only under very limited circumstances: in actions under the Labor Management Relations Act and Employee Retirement Income Security Act, in actions premised on Native American land claims, and in actions involving preemption of state law usury claims by the National Bank Act, where those claims are brought against a national bank. See, respectively, Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir.1990) ("any state law claim which is subject to complete preemption under Section 301 of the LMRA is considered a claim arising under federal law within the district court's jurisdiction"); Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63-67 (1987) (the doctrine of complete preemption as to ERISA's civil enforcement provisions provides for federal removal jurisdiction over any state law claims

that in substance seek relief that is otherwise within the scope of ERISA remedy provisions at 29 U.S.C. § 1132(a)); Oneida Indian Nation v. County of Oneida, 414 U.S. 661 (1974); and Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-7 (2003).

Beneficial concerned application of Alabama usury laws – which implicate core banking functions otherwise regulated by §§ 85 and 86 of the National Bank Act – to a national bank. Beneficial did *not* hold that the Act *completely* preempts application of *all* state laws to national banks, but was narrowly limited to preemptive effect of the Act to state-law usury claims brought against a national bank. Simon's allegations that the Massachusetts Gift Certificate Law is completely preempted by the National Bank Act, and that the proper enforcer of that Act is the OCC, are in error and not supported by law or fact.

    A.    Because Simon is Not A National Bank, the National Bank Act Does Not Apply to or Regulate its Conduct.

Simon avers, at ¶ 9 of its Notice of Removal, that the Simon Gift Card is a "national bank product." It does not explain why this might be so, however. It does not allege that Simon is a national bank, and gives no information as to any relationship it might have with one. In fact, no national bank is named anywhere in the Notice. Simon is owner and operator of a chain of shopping malls – it is *not* a national bank. The National Bank Act applies only to national banks. See Long v. ACE Cash Express, Inc., 2001 WL 34106904 (M.D. Fla. 2001) (National Bank Act does not apply because defendant is not a national bank), Carson v. H &R Block, Inc., 250 F.Supp.2d 669, 674 (S.D. Miss. 2003) (same).

Simon cites M. Nahas & Co., Inc. v. First Nat'l Bank of Hot Springs, 930 F.2d 608 (8th Cir. 1991) in support of its proposition that "a complaint that does not plead any federal claims

but nonetheless pleads state law claims implicating the National Banking Act, is subject to removal." (Notice of Removal ¶ 8). However, Nahas, like Beneficial, concerned application of state usury laws to a national bank. The Attorney General does not seek to apply Massachusetts usury laws to a national bank, but seeks only to enforce consumer protection-related statutes against the owner and operator of a chain of shopping malls. Nahas is inapposite.

        B.    The Simon Gift Card Is Not A "National Bank Product."

Simon implies, with no support, that its Gift Card is a "national bank product." Notice of Removal, ¶ 9. This implication is not accurate. The Gift Card is sold by Simon at its shopping malls and at its internet site, www.simon.com. It is not sold by a national bank, and Simon gives no information to indicate why it should be considered anything other than a plastic gift certificate governed by state Gift Certificate and Consumer Protection laws. While it characterizes the Attorney General's suit as one attempting to regulate a "national bank product," Simon does not indicate any specifics as to why this might be so.

Again, Simon's Notice of Removal does not indicate that Simon has any relationship to a national bank whatsoever. However, even assuming for purposes of this motion that Simon acts as agent for some national bank, its reliance on Krispin v. May Dep't Stores Co., 218 F.3d 919 (8th Cir. 2000), is entirely misplaced. The Court there concluded that a consumer's action against a department store related to late fees imposed by the national bank which acquired the credit card were preempted by Section 85 of the National Bank Act. But no bank has acquired or issued a credit card for Simon here – the Gift card is not a credit card – nor has the Attorney General raised any issues which are governed by Section 85 of the Act.

C.    Even Were It to Apply to Simon, the National Bank Act Does Not Regulate Gift Certificates.

While Simon charges that the "National Bank Act completely preempts all state law causes of action that seek essentially to limit the rights granted under the Act" (Notice of Removal ¶ 8), charging fees and imposing terms on gift certificates is not among the "rights" so granted to Simon. The National Bank Act, 12 U.S.C. §§ 21, et seq., does not apply to Simon, but even if it did, the Act does not cover gift certificates. Simon points to no specific provisions within the National Bank Act that might preempt Massachusetts law regarding gift cards, which is not surprising because nothing in the Act or the OCC regulations that implement the Act specifically, or even by inference, govern them.

The National Bank Act and the OCC regulations apply by their terms to the business of banking. While it does govern certain aspects of *credit* (including credit cards) issued by national banks,[2] the National Bank Act does not apply to *gift* cards, even where the gift cards are issued by a national bank. No federal laws govern costs or terms of gift cards. State laws affecting gift certificate fees and terms are therefore not preempted.

The National Bank Act specifically contemplates that states have "the power to regulate national banks, where . . . doing so does not prevent or significantly interfere with the national bank's exercise of its powers." Barnett Bank of Marion County, N.A. v. Nelson, 517 U.S. 25, 33 (1996). Simon's Notice of Removal does not allege that the Attorney General will significantly interfere with any national bank's exercise of its powers. Accordingly, the Attorney General's suit is not preempted by the National Bank Act, and remand is therefore appropriate.

---

[2] See, e.g., Section 85 of the Act, which covers interest rates and late fees which national banks may charge for credit, including for national-bank issued credit cards.

D.  Simon Cites No OCC Regulations that Preempt the Attorney General's Suit.

Simon states, at ¶ 6 of its Notice of Removal, that the Attorney General's claims are "based on conduct which is wholly governed by the National Bank Act . . . and regulations of the Office of the Comptroller of the Currency." It does not go on to state precisely which OCC regulation preempts the Attorney General's suit. This is not surprising, because *no* OCC regulations *do* in fact preempt it. Again, the Simon Gift Card is sold by Simon at its shopping malls and internet website.[3] It is not a "national bank product," and for reasons set forth above, is regulated neither by the National Bank Act nor by OCC regulations implementing the Act. There is thus no federal question, and remand is appropriate.

E.  The Doctrine of Complete Preemption is to be Applied in Very Limited Circumstances, and Should Not Be Expanded Where Not Required.

The "complete preemption" doctrine is an independent corollary, and provides a narrow exception to, the well-pleaded complaint rule. Franchise Tax Board, 463 U.S. at 12. It is sparingly employed by federal courts in evaluating jurisdiction over removed matters where federal jurisdiction would otherwise be lacking. Furthermore, "the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Varela-Fernandez v. Burgos, 15 F. Supp.2d 183, 185 (D.P.R.1998).

There is no precedent for this Court to expand the doctrine of complete preemption to cover the conduct at issue in the Attorney General's complaint. The Supreme Court itself, when

---

[3] For a detailed discussion of reasons why OCC regulations do not apply to the Simon Gift Card, and thus do not preempt the Massachusetts laws the Attorney General seeks to enforce, please refer to the Attorney General's Memorandum in Support of Motion to Dismiss in the matter SPGCC, Inc. v. Thomas F. Reilly, Civil Action No. 04-12398-RCL, at ¶ IV(A)(1)(a), pp. 19-20).

confronted with the question of the preemptive effect of the National Bank Act, has failed to find that the Act completely preempts all state laws. As noted above at page 6, para. 2, when the Court was faced in <u>Beneficial</u>, 539 U.S. 1 (2003) with the question of whether the National Bank Act preempted claims that a national bank had violated a state usury law, it limited its holding: state laws that establish a cause of action for usury (not *all* state laws) are completely preempted in their application to national banks (not to entities claiming some relationship with them).  See also <u>Freunscht v. BankNorth, NA</u>, 2004 WL 540693 (D.N.H. 2004)("[t]o date, the Supreme Court has found complete preemption only in causes of action under the Labor Management Relations Act, the Employee Retirement Income Security Act, possessory land claims by Indian tribes, and usury claims under the National Bank Act").

The National Bank Act contemplates that state law will apply to national banks, and that the National Bank Act will preempt only those state laws which are inconsistent with specific provisions of the Act that will impair a national bank's functions.  <u>Barnett Bank of Marion County, N.A. v. Nelson</u>, 517 U.S. at 33.  The state laws cited in the Attorney General's state-court complaint do not impede or otherwise obstruct the banking business of any national bank. There is no complete preemption here, and thus no "federal question" jurisdiction in this Court.

      F.      <u>Because There Is No Complete Preemption Here, Simon's Allegations Concerning Application of the National Bank Act and OCC Regulations are Mere Defenses to the Attorney General's Lawsuit and Do Not Constitute Grounds for Its Removal to Federal Court.</u>

Simon's allegations that the National Bank Act and OCC regulations apply to the Attorney General's claims are nothing more than defenses to the Attorney General's suit, and because they do not create a federal question, are not in themselves a basis for removal. A

10

consequence of the "well-pleaded complaint rule" is that federal <u>defenses</u> to state-law claims do not create federal question jurisdiction. "[I]t is now settled that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar v. Williams</u>, 482 U.S. 386, 393 (1986) (emphasis in original); <u>see</u> also <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986) ("a defense that raises a federal question is inadequate to confer jurisdiction.") The Supreme Court has unequivocally stated:

> By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.

<u>Gully v. First Nat'l Bank in Meridian</u>, 299 U.S. 109, 116 (1936).

Simon's defense to the Attorney General's suit does not create subject matter jurisdiction in this Court. The underlying causes of action in this controversy, namely the Attorney General's claims under the Massachusetts Gift Certificate Law and Consumer Protection Act, arise exclusively under state law. Simon's defense does not "arise under" federal law.

    G.    <u>Because Simon's Gift Card is Not Regulated by Federal Law, the Attorney General's Enforcement of State Law Against the Company Will Not Force it to Violate Any Federal Laws.</u>

In other narrow circumstances a court may find a complaint raises a "federal question," and invokes federal court jurisdiction pursuant to 28 U.S.C. §1331, where plaintiff seeks a declaratory judgment that a public official's enforcement of state law will violate federal law, thereby depriving plaintiff of a substantive right under that federal law. <u>Loc. Union No. 12004, United Steelworkers of America v. Comm. of Massachusetts</u>, 377 F.3d 64 (1st Cir. 2004). In such a case, plaintiff must make a colorable claim that the activity it claims will be barred by

force of state law is in fact *expressly permitted* by federal law. Simon does not and can not make such a claim, and is thus unable to avail itself of this narrow exception to well-pleaded complaint principles. Because Simon does not allege that the conduct it seeks to continue, namely the sale of Simon Gift Cards free from state regulation, is specifically permitted by the National Bank Act or OCC regulations.

As is set forth above, Simon is not a national bank, and the Simon Gift Card is not a product directly or indirectly regulated by any aspect of the National Bank Act or other federal law. Simon provides no information as to its relationship to any national bank in its Notice of Removal. Even assuming it did name Bank of America as a partner, as it has done in other filings, Simon's only claim to National Bank Act coverage, and thus to asserted federal preemption of state laws, would stems from this relationship. However, Simon provides no proof, and indeed here does not even state, that Bank of America has a significant role to play in issuance of the Gift Card. Even were the Simon able to assert a close nexus between it and Bank of America, and even were Simon able to assert that Bank of America had total and complete control over all aspects of the Gift Card — that BOA did *in fact* issue the Simon Gift Card – there would still be no federal question, and no jurisdiction in this Court, because Simon does not and cannot allege that enforcement of the Massachusetts Gift Certificate Law and Consumer Protection Act will deprive it of some substantive right it would enjoy were the allegedly preemptive federal law to apply. For this reason, Simon does not state a federal question, and this Court lacks jurisdiction over its claims.

## CONCLUSION

For the reasons set forth above, the Commonwealth respectfully requests that this Court

grant this motion to remand its complaint to Suffolk Superior Court, and requests such other and further relief as this Court may deem just and proper.

                                                COMMONWEALTH OF MASSACHUSETTS

                                                THOMAS F. REILLY
                                                ATTORNEY GENERAL

By: _____
      Judith Whiting, BBO #600865
      Pamela S. Kogut, BBO #550865
      Diane Lawton, BBO # 555584
      Assistant Attorneys General
      Consumer Protection and Antitrust Division
      One Ashburton Place
      Boston, MA 02018
      (617) 727-2200, exts. 2959, 2988 and 2982

Dated:      December _____, 2004