UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12422-RCL

COMMONWEALTH OF MASSACHUSETTS,   )
                                 )
              Plaintiff,          )
                                 )
vs.                              )
                                 )
SIMON PROPERTY GROUP, INC.,      )
                                 )
              Defendant.          )

ASSENTED TO
MOTION OF COMMONWEALTH OF MASSACHUSETTS
TO STAY PROCEEDINGS UNTIL THIS COURT RULES ON THE
COMMONWEALTH'S MOTION TO REMAND

Introduction

Simon Property Group, Inc. filed a Motion To Dismiss the Commonwealth's complaint. For the reasons set forth below, the Commonwealth opposes the Defendant's Motion to Dismiss, and requests that any proceedings related to the above action be stayed until such time as this Court rules on the Commonwealth's previously filed Motion to Remand.

Background and Argument

Simon Property Group, Inc. ("Simon") owns and operates shopping malls, 14 of which are located in Massachusetts. Simon sells and offer for sale in Massachusetts the "Simon Gift

1

Card," a plastic gift certificate which accrues fees each month, starting six months after purchase and completely expires six months thereafter, in violation of both the Massachusetts Gift Certificate Law, G.L. c. 200A, §5D and G.L. c. 255D, §1, and the Massachusetts Consumer Protection Act, G.L. c. 93A. Hundreds of thousands of these Gift Cards have been sold in Massachusetts since Simon introduced them in 2003.

Attorney General Thomas F. Reilly is charged at G.L. c. 12, §10 and G.L. c. 93A, §4 with protecting the Commonwealth's consumers and the public interest in general. On November 1, 2004 the Attorney General commenced this proceeding against Simon by sending it a letter pursuant to G.L. c. 93A, §4, indicating his belief that the Gift Card violated state law and his intention to sue if the violations were not remedied. On November 12, 2004, Simon filed a complaint in this Court seeking to restrain the Attorney General from pursuing his state law claims on the grounds that the National Bank Act preempts this enforcement.

The Attorney General filed suit in Suffolk Superior Court on November 15, 2004. As indicated in his November 1 letter to Simon, the Attorney General's complaint seeks injunctive and monetary relief against the company for its violation of both the Massachusetts Gift Certificate Law, G.L. c. 200A, §5D and c. 255D, §1, and the Massachusetts Consumer Protection Act, G.L. c. 93A. The complaint does not name any parties other than Simon, and raises claims only under state law.

On November 16, 2004, Simon removed the Attorney General's complaint to this Court pursuant to 28 U.S.C. §1446, on the asserted basis of "federal question" jurisdiction under 28 U.S.C. §1331. Simon avers that removal is appropriate because the Attorney General's claims concern conduct governed by the National Bank Act, 12 U.S.C. §§21, et seq., and Office

of the Comptroller of the Currency ("OCC") regulations, a regulatory framework Simon asserts completely preempts the Attorney General's enforcement of Massachusetts law.

The Commonwealth believes that Simon is in error. The Commonwealth believes instead that because the National Bank Act and OCC regulations do *not* completely preempt the Massachusetts Gift Certificate Law and Consumer Protection Act, there is no federal question, and this Court lacks subject matter jurisdiction over the Attorney General's complaint. On December 16, 2004, the Commonwealth therefore moved, pursuant to 28 U.S.C. §1447(c), to remand the within action to Suffolk Superior Court.

On December 7, 2004, before the Commonwealth filed its remand motion, Simon moved to dismiss the Commonwealth's actions. Simon argues in its motion that the Massachusetts Gift Certificate law and Consumer Protection Acts are preempted by the National Bank Act and improperly interfere with interstate commerce in violation of the Commerce Clause to the United States Constitution.

As the Commonwealth and the Attorney General have made plain in their Motion to Dismiss and Motion To Remand, this Court lacks subject matter jurisdiction over the Commonwealth's action. Simon's Motion to Dismiss should be filed with and heard by the Massachusetts trial court. Therefore, rather than hear and rule on Simon's Motion to Dismiss, the Commonwealth respectfully requests that this Court stay proceedings in this action until such time as it rules on the Commonwealth's Motion to Remand. To the extent this Court agrees with the Commonwealth's position, this matter will be heard by the Suffolk County Superior Court, and the issues raised by Simon here should instead be raised in the state trial court. To the extent this Court denies the Commonwealth's Motion to Remand, then the Commonwealth will file a

3

substantive opposition to Simon's Motion to Dismiss within ten (10) days after such denial (or such other time frame as this Court may order).

## Conclusion

For the reasons set forth above, the Commonwealth respectfully requests that this Court stay the proceedings in this action until such time as this Court rules upon the Commonwealth's Motion to Remand. If this Court denies the Commonwealth's motion to remand, then the Commonwealth will file, ten days from that denial, an opposition to the defendant's Motion to Dismiss.

COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
Judith Whiting, BBO #600865
Pamela S. Kogut, BBO #550865
Diane Lawton, BBO # 555584
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018
(617) 727-2200, exts. 2959, 2988 and 2982

Dated:    December 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2004 I served a true and correct copy of the Assented To Motion of Commonwealth of Massachusetts to Stay Proceedings Until This Court Rules on the Commonwealth's Motion to Remand upon counsel for defendant Simon Property Group, Inc. by delivery via first class mail, postage prepaid, as follows:

>Paul W. Shaw, Esq.
>Margaret M. Pinkham, Esq.
>Brown Rudnick Berlack Israels, LLP
>One Financial Center
>Boston, MA 02111-2600

_____
Judith M. Whiting