UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-12422-RCL

|  |  |
|---|---|
| COMMONWEALTH OF MASSACSHEUTTS, | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| vs. | ) |
|  | ) |
| SIMON PROPERTY GROUP, INC. | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**COMMONWEALTH'S MOTION FOR LEAVE
TO FILE NEW AUTHORITY IN SUPPORT OF
ITS MOTION TO REMAND**

On December 16, 2004, the Commonwealth of Massachusetts (the "Commonwealth")

filed a motion to remand an action it filed in state court on November 15, 2004, and which

Simon Property Group, Inc. ("Simon") removed to this Court on November 16, 2004. The

Commonwealth now moves to file new authority, a January 5, 2005 letter of Daniel P. Stipano,

Acting Chief Counsel of the Office of the Comptroller of the Currency, in support of the motion

to remand. As grounds for this motion, the Commonwealth states as follows:

Background

1. On November 15, 2004, the Commonwealth filed suit with the Suffolk County

Superior Court Department on November 15, 2004 alleging that Simon -- a large mall owner that

sells gift cards in Massachusetts – had violated the Massachusetts Gift Certificate statute and

Consumer Protection Act by charging dormancy fees against the cards' balances and causing the

cards to expire after one year, among other things.  Simon removed that action to this Court on

November 16, asserting in its Notice of Removal that because Simon Gift Cards are "issued" by

Bank of America, a national bank, the cards are governed by the National Bank Act which, it

asserts, completely preempts state law.  In ¶¶ 6-9 of its Notice of Removal, Simon suggests that

while the Office of the Comptroller of the Currency may regulate Simon Gift Cards, the

Massachusetts Attorney General may not.  Simon also filed a separate suit with this Court to

prevent the Attorney General from enforcing state law against it.  (See SPGGC, Inc. vs.Thomas

F. Reilly, Attorney General, Civil Action No. 04-12398-RCL.)

2.  In its Motion to Remand filed on December 16, 2004, the Commonwealth argues that

this Court lacks subject matter jurisdiction over Simon's federal claims, and that this action

should be remanded.  Specifically, the Commonwealth argued that a suit filed in state court may

be removed to federal court *only* if the federal court would have had original subject matter

jurisdiction over the suit.  Title 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386

(1987). See also 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3721, at 189

(1985).  The Commonwealth states in its motion that Simon does not aver and cannot establish

that the Massachusetts gift certificate law is completely preempted by the National Bank Act

("NBA") since Simon is not a national bank and the Simon Gift Card is not subject to the NBA

since it is unrelated to any "bank" functions.  See Beneficial National Bank v. Anderson, 539

U.S. 1, 6-7 (2003) (a narrow exception to the well-pleaded complaint rule exists where state law

is "completely" preempted by federal law; Section 85 of the NBA completely preempts state laws

related to usurious interest rates); and Barnett Bank of Marion County, N.A. v. Nelson, 517 U.S.

25, 33 (1996) (NBA preempts state law only to extent that state law directly conflicts with the

Act or infringes upon the business of banking).

The OCC Letter

3. After filing and serving the Motion to Dismiss, the Massachusetts Attorney General

and Simon (through its counsel) received a letter from Daniel P. Stipano, Acting Chief Counsel

to the Office of the Comptroller of the Currency ("OCC"). In this letter, dated January 5, 2005,

the OCC analyzes the pleadings in this litigation, and notes that "[a]s the agency charged with

administration of the National Bank Act and supervision of national banks, the OCC has a vital

interest in the proper interpretation of the National Bank Act and its proper application to

activities of national banks." Mr. Stipano concludes, on behalf of the OCC, that the NBA does

not preempt Massachusetts Gift Certificate and Consumer Protection laws. The letter states, in

pertinent part:

> Here, no federal cause of action has supplanted the state causes of action alleged
> by Massachusetts in state court. Accordingly, the doctrine of complete
> preemption does not give the federal courts jurisdiction over those state law
> causes of action, and, in our view, any motion to remand the case to state court
> should be granted absent some other ground for federal court jurisdiction.

(Emphasis added.)

4. The January 5 OCC Letter is material to the issues pending before this Court. In its

Notice of Removal, Simon asserts federal question jurisdiction based upon its position that the

NBA preempts state law as concerns its Gift Cards, that the NBA regulates this product, and that

the OCC, but not the Massachusetts Attorney General, may enforce the NBA. By contrast, the

January 5 OCC letter states that the NBA does not preempt the Commonwealth's claims.

5. If the Commonwealth had had the January 5 OCC Letter in hand before filing its

Motion to Remand, it would have appended it to its motion, and seeks permission to file it now.

3

It is attached here as Exhibit A.

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

The undersigned counsel certifies that she has conferred with counsel for the plaintiff and

attempted in good faith to resolve or narrow the issue presented by the Commonwealth's motion

for leave to file new authority in support of motion to remand.


COMMONWEALTH OF MASSACHUSETTS

THOMAS F. REILLY
ATTORNEY GENERAL


By: _____

Pamela S. Kogut, BBO #550865
Diane Lawton, BBO # 555584
Judith Whiting, BBO #600865
Assistant Attorneys General
Consumer Protection and Antitrust Division
One Ashburton Place
Boston, MA 02018
(617) 727-2200

Dated:        January 11, 2005


## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of January, 2005, served the Motion For Leave
to File New Authority In Support of the Commonwealth's Motion to Remand by delivering this
document by hand upon counsel for Simon Property Group, Inc., Paul W. Shaw, Esq. and
Margaret M. Pinkham, Esq., Brown Rudnick Berlack Israels, LLP, One Financial Center, Boston,
MA 02111-2600.

_____
Pamela S. Kogut

4

Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

January 5, 2005

Thomas F. Reilly
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108

Margaret M. Pinkham
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, Massachusetts 02111-2600

Subject:    Commonwealth of Massachusetts v. Simon Property Group
            Simon Property Group, Inc. v. Reilly

Dear Mr. Reilly and Ms. Pinkham:

In connection with certain claims and defenses that have been raised in the subject litigation between the State of Massachusetts and Simon Property Group, L.P., and SPGGC, Inc. ("Simon"), we are concerned that there may be a misunderstanding of the views of the Office of the Comptroller of the Currency ("OCC"), and we are writing to clarify our position on particular legal issues presented by that litigation. In the litigation, Simon claims that complete preemption effected by the National Bank Act authorizes it to remove to federal court the action filed by the State of Massachusetts in Suffolk County Superior Court, and Simon claims in the separate federal declaratory judgment action that particular state laws are preempted by OCC regulations and the National Bank Act. As the agency charged with administration of the National Bank Act and supervision of national banks, the OCC has a vital interest in the proper interpretation of the National Bank Act and its proper application to activities of national banks.

Legal staff of the OCC have reviewed the pleadings filed in the state and federal court actions. As a preliminary matter, we disagree the causes of action asserted in state court qualify for application of the doctrine of "complete preemption" as prescribed in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). In *Beneficial*, all state law claims for usury against national banks had been entirely replaced by a federal statute creating an exclusive federal cause of action, so that any usury action against a national bank necessarily had to be brought as a federal claim. Here, no federal cause of action has supplanted the state causes of action alleged by Massachusetts in state court. Accordingly, the doctrine of complete preemption does not give

the federal courts jurisdiction over those state law causes of action, and, in our view, any motion to remand the case to state court should be granted absent some other ground for federal court jurisdiction.

The OCC also has considered Simon's arguments regarding substantive preemption. The facts as presented in the pleadings filed in the litigation between Massachusetts and Simon appear to be complicated and in some respects disputed. However, based on our review of the pleadings, we do not believe the state restrictions on **Simon's** fees would be preempted by 12 C.F.R. §§ 7.4007, 7.4008, 7.4009, or 7.4002 of the OCC's regulations, or the National Bank Act generally. Other issues in this litigation raise more complex factual and legal issues that we are not in a position to address at this time. Nevertheless, we believe it is appropriate that we clarify for the parties our views on these two issues.

Sincerely,

Daniel P. Stipano
Acting Chief Counsel

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.