Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

January 5, 2005

Thomas F. Reilly
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108

Margaret M. Pinkham
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, Massachusetts 02111-2600

Subject:     Commonwealth of Massachusetts v. Simon Property Group
                Simon Property Group, Inc. v. Reilly

Dear Mr. Reilly and Ms. Pinkham:

In connection with certain claims and defenses that have been raised in the subject litigation between the State of Massachusetts and Simon Property Group, L.P., and SPGGC, Inc. ("Simon"), we are concerned that there may be a misunderstanding of the views of the Office of the Comptroller of the Currency ("OCC"), and we are writing to clarify our position on particular legal issues presented by that litigation. In the litigation, Simon claims that complete preemption effected by the National Bank Act authorizes it to remove to federal court the action filed by the State of Massachusetts in Suffolk County Superior Court, and Simon claims in the separate federal declaratory judgment action that particular state laws are preempted by OCC regulations and the National Bank Act. As the agency charged with administration of the National Bank Act and supervision of national banks, the OCC has a vital interest in the proper interpretation of the National Bank Act and its proper application to activities of national banks.

Legal staff of the OCC have reviewed the pleadings filed in the state and federal court actions. As a preliminary matter, we disagree the causes of action asserted in state court qualify for application of the doctrine of "complete preemption" as prescribed in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). In *Beneficial*, all state law claims for usury against national banks had been entirely replaced by a federal statute creating an exclusive federal cause of action, so that any usury action against a national bank necessarily had to be brought as a federal claim. Here, no federal cause of action has supplanted the state causes of action alleged by Massachusetts in state court. Accordingly, the doctrine of complete preemption does not give

the federal courts jurisdiction over those state law causes of action, and, in our view, any motion to remand the case to state court should be granted absent some other ground for federal court jurisdiction.

The OCC also has considered Simon's arguments regarding substantive preemption. The facts as presented in the pleadings filed in the litigation between Massachusetts and Simon appear to be complicated and in some respects disputed. However, based on our review of the pleadings, we do not believe the state restrictions on **Simon's** fees would be preempted by 12 C.F.R. §§ 7.4007, 7.4008, 7.4009, or 7.4002 of the OCC's regulations, or the National Bank Act generally. Other issues in this litigation raise more complex factual and legal issues that we are not in a position to address at this time. Nevertheless, we believe it is appropriate that we clarify for the parties our views on these two issues.

Sincerely,

Daniel P. Stipano
Acting Chief Counsel